■ DUKE PLASTICS CORP., Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant. — Order, Supreme Court, New York County (Bernheim, J.), entered August 6, 1980 which denied defendant's motion for summary judgment and plaintiff's cross motion for summary judgment, reversed, on the law, to the extent appealed from, defendant's motion for summary judgment granted and the complaint dismissed, together with costs. The issue is whether the two-year Statute of Limitations (Insurance Law, § 168) bars recovery on an insurance policy issued to the plaintiff by the defendant to cover damage rendered by fire and lightning (extended coverage) and vandalism. Sometime over the weekend of March 10, 1978, plaintiff allegedly sustained damage by vandalism. However, it did not notify defendant of such damage until some 11 months later, on or about February 13, 1979, when plaintiff's broker submitted notice of claim to the defendant insurance company, asserting that over the weekend of March 10, 1978, vandals "broke his skylight, a small safe, three filing cabinets, two tables, shelves, a door and a sander, for a total damage of $1,500. This was reported to the local precinct on March 13, 1978." Sometime in March, 1979, after receipt of the notice, an investigator for the insurance company visited plaintiff's premises. On March 30, 1979 the parties entered into a nonwaiver agreement

in writing to the effect that no action by the company to investigate the claim "shall be claimed or deemed to be a waiver upon the part of said Company of any of the terms or conditions of its policy or of any of the rights of said Company thereunder." The agreement also provided that the insured (plaintiff) waived no rights under the policy. No further action was taken by either of the parties with respect to the claim, at least until February, 1980. The complaint alleges that in February, 1980 plaintiff asked its broker to contact the defendant to determine why no payment had yet been received. The complaint further alleges that defendant advised the broker it was awaiting further proof of the amount of the loss and that plaintiff thereupon employed a public adjuster, Tayar Painting & Contracting Co., to provide whatever information defendant required, including the amount of the loss. It is further alleged that Tayar submitted a report to the defendant. The date of such submission is not disclosed in the record. On or about March 26, 1980 defendant, by letter addressed to Tayar, asserted: "We note that the date of loss is March 10, 1978, in excess of two years from this time. After repeated requests for information pertaining to the loss and receiving no response, this file was closed due to lack of interest." On April 1, 1980 plaintiff's attorney responded by a written demand for payment of the loss. Upon defendant's failure to make payment, this action was instituted. It is undisputed that the action was instituted more than two years after the alleged loss and that the policy provides, in pertinent part, in accordance with subdivision 5 of section 168 of the Insurance Law, that an action to enforce a claim on the policy must be "commenced within two years next after inception of the loss." It is well settled that the 2-year Statute of Limitations set forth in section 168 is a bar to an action to recover on such policy unless it can be shown that some action by the defendant insurer, upon which plaintiff insured had a right to rely, equitably estops the defendant from asserting the plea of the statute. There is no such showing in this case. *Pasmear Inn v General Acc. Fire & Life Assur. Corp.* (44 AD2d 647), cited by Special Term, and upon which plaintiff relies, is distinguishable. In that case there were ongoing negotiations between the plaintiff and the adjuster for the defendants in which the adjuster offered to pay approximately one half the alleged damage. The plaintiff declined this offer, suggesting instead that the defendants pay the amount offered and allow the plaintiff to reserve its rights to any balance. This counter proposal was admittedly rejected some months later when the plaintiff sought resumption of negotiations. The defendants' adjuster indicated he would examine the file and respond. It was held (*supra*) that a jury could find that these continuing negotiations "lulled plaintiff into believing that his claim would ultimately be processed and that reliance on this sense of security caused a forebearance to sue. * * * A finding of estoppel rests upon proof of reliance and forebearance to sue". There were no such continuing negotiations here. No offer was ever made and no action was ever taken by the plaintiff to pursue its claim other than the notice of claim filed by its broker some 11 months after the incident and the communication of plaintiff's adjuster, sometime in February or March of 1980 at about the time the two-year limitation expired. It is notable that the plaintiff does not submit an affidavit by its adjuster or a copy of the communication sent by the adjuster to the defendant. The defendant's letter of rejection is dated March 26, 1980, and is addressed to the adjuster rejecting the claim as time barred. No triable issue has been raised concerning the insurer's alleged waiver of the limitation importing equitable estoppel. In *Mass v Great Amer. Ins. Co.* (28 AD2d 897, 898), relied on by Special Term, the facts were that during the period prior to the running of the Statute of Limitations (then 12 months) "defendants' adjuster kept reaffirming defendants' offer" and "made

repeated demands for proofs of loss as a condition of payment". These ongoing negotiations were held to create a triable issue as to whether the defendants had waived the time limitation and were thus equitably estopped from pleading the statute. No such facts are here alleged. As stated in *Proc v Home Ins. Co.* (17 NY2d 239, at p 246): "Thus, the record is persuasive that this is a case not of the defendants' lulling the plaintiff into a sense of false security but of the latter's sleeping on his rights." In that case a claim was asserted, a nonwaiver agreement was entered into, the insurance companies' forms were completed by the plaintiff and no further action was taken by either party until the plaintiff's attorney inquired of the insurers respecting a settlement more than one year after the loss. The Court of Appeals held that the 12-month statute barred recovery. The evidence was insufficient to raise a triable issue as to waiver of the Statute of Limitations by conduct importing equitable estoppel so as to preclude a defense under the statute. The case is indistinguishable from our case. Plaintiff neither pleads, alleges nor presents evidentiary facts supporting a claim of fraud or waiver. There was no action by the defendant upon which plaintiff could rely and forbear to sue. Thus there is no foundation for a claim of estoppel. Concur — Birns, Sandler and Fein, JJ.; Kupferman, J. P., dissents and would affirm on the opinion of Bernheim, J., at Special Term.