■ MIRIAM P. et al., Respondents, v CITY OF NEW YORK et al., Defendants, and ST. LUKE's-ROOSEVELT HOSPITAL CENTER, Appellant.—Order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered April 19, 1989, which denied defendant St. Luke's-Roosevelt Hospital Center's motion to dismiss seven of plaintiffs' eight causes of action, unanimously modi-

fied, on the law, to dismiss the entire complaint, without costs. Appeal from the order of the same court, entered on or about October 12, 1989, which, upon reargument, adhered to its original determination, dismissed as academic, without costs.

On December 23, 1986, Miriam P. called an ambulance to bring her six-year-old daughter to Roosevelt Hospital after noticing that the child's left thigh and hip were swollen and painful. The child was congenitally blind, mentally retarded and hydrocephalic and had had a cerebral shunt inserted shortly after her birth. The mother told employees at the hospital that her daughter's day and night sleep patterns were reversed and that the child had been extremely active, irritable and difficult to manage. She also told them that she and her daughter resided with her boyfriend, who had recently lost his job, and another child.

After X rays established that the child had suffered a fractured left femur and, since the mother could not explain how the injury occurred or the existence of minor bruises on the child's arms and legs, the examining physicians at the hospital determined that further investigation was necessary to rule out the possibility of child abuse and contacted the Special Services for Children (SSC). The child was then transferred to St. Luke's-Roosevelt Hospital where she was admitted for treatment of the fractured leg.

On January 16, 1987, the child was medically cleared for discharge and the mother requested her release. However, since SSC had not yet completed its investigation, it provided the hospital with a new authorization number, continuing the child on a "special hold" pending the completion of the investigation. After the child was discharged from the hospital on February 27, 1987, her mother instituted this action against St. Luke's-Roosevelt Hospital alleging unlawful detention and false arrest, a civil rights violation under 42 USC § 1983 and the infliction of mental distress. The Supreme Court granted defendant's motion to dismiss with regard to the intentional infliction of mental distress cause of action but denied its motion in all other respects. Upon renewal and reargument, the court adhered to its original determination sustaining the seven causes of action based on violations of 42 USC § 1983 and false imprisonment.

Plaintiff maintains that the continued detention of the child by the hospital after she was medically cleared for discharge is actionable under both Federal and State law because a court order authorizing the continued protective custody of

the child was never obtained. We agree with defendant, however, that the complaint fails to state a cause of action.

In order to sustain a claim under 42 USC § 1983, plaintiffs must establish that the hospital, acting under color of State law, deprived them of their constitutional rights *(Flagg Bros. v Brooks,* 436 US 149; *Adickes v Kress & Co.,* 398 US 144). As a rule, private hospitals do not act under color of State law for section 1983 purposes even if they receive State funding and are subject to State regulations *(Blum v Yaretsky,* 457 US 991; *Schlein v Milford Hosp.,* 561 F2d 427; *Beverley v Douglas,* 591 F Supp 1321). This rule has been applied to private organizations which place children in foster homes *(see, Malachowski v City of Keene,* 787 F2d 704, *cert denied* 479 US 828, *reh denied* 479 US 1022). In order to subject private institutions to section 1983's prohibitions, it must be shown that the State is significantly involved with the institution, that the State is involved with the activity that caused the injury and that the State's involvement aids, encourages or connotes approval of the complained-of conduct *(Barrett v United Hosp.,* 376 F Supp 791, *affd* 506 F2d 1395). The United States Supreme Court has also found that the private entity must have exercised powers that are " 'traditionally the exclusive prerogative of the State' " *(Blum v Yaretsky, supra,* at 1005).

The Supreme Court upheld plaintiffs' section 1983 cause of action in reliance on the Second Circuit decision in *Duchesne v Sugarman* (566 F2d 817) and an earlier opinion in the same action, *sub nom. Perez v Sugarman* (499 F2d 761). In the *Duchesne/Perez* case, the mother brought a section 1983 action against municipal employees and two private child care institutions for the alleged unlawful and unconstitutional action of the city's child welfare bureau in removing her children to the institutions for over two years without her consent and without obtaining a court order. The court, in *Perez,* held that the institutions had acted under color of State law both under a "public function" theory and because of the degree to which the State had insinuated itself into the actions of the private institutions.

In *Duchesne/Perez (supra),* the two institutions were private child care agencies specifically authorized by the State to take custody of and care for neglected, abused and abandoned children. Although St. Luke's-Roosevelt Hospital is also a private institution, it is not a child care agency. During the period of time in which the child was detained on a hold, the hospital was, in effect, acting as a foster home or hotel designated by SSC pending the completion of the investiga-

tion. As such, the hospital was not acting under color of State law for section 1983 purposes *(Malachowski v City of Keene, supra; Milburn v Anne Arundel County Dept. of Social Servs., 871 F2d 474, cert denied — US —, 110 S Ct 148; Thomas v Beth Israel Hosp., 710 F Supp 935)*. Nor has it been sufficiently alleged that the hospital was acting in concert with a State agency to deprive plaintiffs of their constitutional rights *(Malachowski v City of Keene, supra)*.

At the time the *Duchesne/Perez* case was decided, Social Services Law § 398 (2) (b) provided no authority to assign children to a facility without parental consent, in the absence of a court order or evidence of a proceeding being instituted for the issuance of such an order. Social Services Law § 398 (9) now authorizes any social services official to remove a child from his home without an order of the Family Court and without the consent of the parent where the child's continued presence in the home presents an "imminent danger to the child's life or health".

Unlike the relationship between the institutions and the State in *Duchesne/Perez (supra)*, the relationship between SSC and St. Luke's-Roosevelt Hospital was not pervasive, intimate or symbiotic. As the *Perez* court recognized, in situations where such a connection is absent, a much more substantial showing of State implication into the private action is required *(Perez v Sugarman, supra, at 766, n 6)*. St. Luke's-Roosevelt Hospital, unlike the institutions in *Duchesne/Perez,* was not an agency authorized by the State to retain custody of children in need of protection *(cf., Ruffler v Phelps Mem. Hosp.,* 453 F Supp 1062, where the court found that in the field of mental health care, the State expressly depends on the use of private facilities to effectuate its public policy of providing treatment for those who need it).

The hospital was obligated to report its suspicions of child abuse pursuant to Social Services Law § 413 *(Isabelle V. v City of New York,* 150 AD2d 312). A hospital that complies with the Social Services Law's requirement of reporting suspected child abuse does not act under color of State law *(Thomas v Beth Israel Hosp., supra)*. Nor is a hospital's conduct converted into State action for section 1983 purposes because it received statutory immunity pursuant to section 419 of the Social Services Law for reporting suspected cases of child abuse. The decision to retain the child at St. Luke's-Roosevelt Hospital after she was no longer in need of further medical treatment was authorized by statute (Social Services Law § 417 [1] [b]; [2]). In fulfilling its statutory obligations, the hospital notified

SSC whose duty it was to commence an immediate investigation and to initiate the appropriate proceedings in Family Court (Social Services Law § 417 [2]).

In sum, we find that defendant was not acting under color of State law in caring for the child pending the completion of SSC's investigation. Therefore, the Supreme Court erred in denying the hospital's motion to dismiss the section 1983 cause of action.

The cause of action for false imprisonment must also be dismissed. To establish such a claim, plaintiff must demonstrate that the hospital intended to confine the child, that the child was conscious of the confinement, that she did not consent to the confinement and that the confinement was not otherwise privileged (*Parvi v City of Kingston,* 41 NY2d 553, 556; *Broughton v State of New York,* 37 NY2d 451, 456, *cert denied sub nom. Schanberger v Kellogg,* 423 US 929).

After initially clearing the child for release, the hospital placed her on "special hold" at SSC's direction. SSC, rather than the hospital, is "the sole public organizational entity responsible for receiving and investigating * * * all reports of suspected child abuse or maltreatment" (18 NYCRR 432.2 [b] [1]) and is responsible for the "provision and coordination of rehabilitative services and foster care services * * * in order to safeguard and ensure a child's well-being and development" (18 NYCRR 432.2 [b] [4] [i]). SSC is also authorized to provide, coordinate or arrange foster care services even before there is a "determination as to whether some credible evidence exists as to the alleged abuse or maltreatment" (18 NYCRR 432.2 [b] [4] [ii]). St. Luke's-Roosevelt Hospital was merely the facility designated by SSC to house and care for the child while it continued its investigation and as such, lacked the necessary intent to unlawfully confine the child.

Moreover, it is well settled that an institution which, in good faith, removes or keeps a child pursuant to the Social Services Law and the Family Court Act, is immune from civil or criminal liability which might otherwise result by its actions (Social Services Law § 419; Family Ct Act § 1024 [c]; *Satler v Larsen,* 131 AD2d 125; *Kempster v Child Protective Servs. of Dept. of Social Servs.,* 130 AD2d 623). The law presumes that the institution acted in good faith with respect to the actions taken to protect the child (*supra*). Since the child was admitted to the hospital with a fractured leg which the mother was unable to explain, the hospital properly reported its suspicion of child abuse and kept her on "special hold" pursuant to SSC's direction so that an investigation

could be completed. The hospital's actions were taken in good faith and it was entitled to the statutory immunity. As soon as SSC removed its hold, the hospital released the child to her mother's custody.

We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ. [See, 166 AD2d 334.]