■ MYERS, SMITH & GRANADY, INC., Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent. [607 NYS2d 288] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered October 16, 1992, which dismissed the plaintiff's complaint, and order, same court and Justice, entered September 10, 1992, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for leave to serve an amended complaint, unanimously affirmed. The appeal from the order is unanimously dismissed as subsumed within the appeal from the judgment, with costs.

The IAS Court properly determined that plaintiff's first cause of action for breach of contract was time-barred by the clear and unambiguous two-year period of limitations set forth in the policy of property insurance issued by the defendant to the plaintiff. A contractual limitation of two years after loss for the commencement of suit on a policy of insurance is valid and enforceable in New York (*Brandyce v Globe & Rutgers Fire Ins. Co.*, 252 NY 69, 71; *Duke Plastics Corp. v New York Prop. Ins. Underwriting Assn.*, 86 AD2d 818, 819), and it is undisputed that the underlying action was not commenced within two years from the date of loss.

Nor did the IAS Court err in determining that the plaintiff had failed to raise any triable issues of fact with respect to the defendant's alleged waiver of or estoppel to assert that two-year policy period of limitations, since plaintiff offers no evidence from which a clear manifestation of intent by the defendant to relinquish the protection of the contractual limitations period could be reasonably inferred or that the defendant, by its conduct, otherwise lulled the plaintiff into sleeping on its rights under the insurance contract (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968).

The delay by the defendant insurance company in completing its claims investigation did not excuse plaintiff from timely commencing the action since it was bound by the terms of the contract to either commence the action prior to the expiration of the limitations period or obtain a waiver or extension of its provision *(Blitman Constr. Corp. v Insurance Co.,* 66 NY2d 820, 822). Nor could defendant's insurance adjuster, Mr. Meisner, have, as plaintiff asserts, lulled plaintiff into a false sense of security regarding the time for commencement of the underlying action. The record reveals that Meisner retired in December of 1988, more than one year and seven months prior to the August 5, 1990 policy period of limitations.

Equally devoid of merit is plaintiff's assertion that defendant insurer has waived or should be estopped from relying on the contractual limitations period by its delay in accepting or rejecting the claim within the two year period after the loss where the record reveals that the defendant's inability to complete its investigation and make a determination resulted primarily because of the plaintiff's repeated failure to furnish executed transcripts of examinations under oath pursuant to the policy and documents and information requested by the defendant at the examinations *(see, Carat Diamond Corp. v Underwriters at Lloyd's,* 123 AD2d 544, 546).

The second, and only remaining, cause of action of the plaintiff's complaint, seeking damages for alleged unfair claims practices in violation of General Business Law § 349 and Insurance Law § 2601, was also properly dismissed, as lacking any evidentiary support, since plaintiff failed to allege a recurrent, rather than an isolated, deceptive business practice by the defendant, aimed at the public at large, rather than the plaintiff alone (General Business Law § 349; *Dano v Royal Globe Ins. Co.,* 59 NY2d 827, 829), nor alleged that the unfair claim settlement practices complained of were without just cause and were performed with such frequency as to indicate a general business practice, as is specifically required to constitute a violation of Insurance Law § 2601.

Finally, the IAS Court did not abuse its discretion in denying plaintiff's cross motion seeking leave to amend the complaint to add a cause of action for deprivation of property without due process premised upon 42 USC § 1983, where, as here, plaintiff's conclusory allegations in the complaint are insufficient to establish that the alleged violations of fair claims practices were committed under "color of State law" and that the defendant exercised powers that are traditionally

the exclusive prerogative of the State *(Miriam P. v City of New York,* 163 AD2d 39, 41, *lv denied sub nom. Paredes v City of New York,* 76 NY2d 712). Concur—Sullivan, J. P., Rosenberger, Kupferman and Ross, JJ.