OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the case remitted to that court for consideration of issues raised but not determined on appeal.
 

 On June 3, 1988, plaintiff’s sixth grade class, along with five other fifth and sixth grade classes, attended a drug awareness fair at a park near the school.
 
 *
 
 Sponsored by defendant Board of Education and the police department, the fair permitted students to walk through the park on their own and participate in program activities that interested them. Seven teachers and four or five aides supervised the group.
 

 Before the outing, plaintiff’s teacher told his class where to meet so that they might return to school together. Plaintiff
 
 *946
 
 testified that at around noon, her teacher gave her permission to leave the park, with friends, for lunch at a nearby pizzeria. At 12:30 p.m., in preparation for return to school, plaintiffs teacher took a head count of his students and discovered that plaintiff was missing. He looked for her in the park, but did not inform any of the other teachers or police officers providing security at the fair that he could not locate her.
 

 Plaintiff’s teacher and his class left the park at 1:00 p.m., without plaintiff, but stopped first at her house before returning to school. He told plaintiff’s mother (who usually met her daughter at school dismissal time to accompany her home) of the disappearance but he did not disclose the incident to school officials.
 

 Meanwhile, at about 12:50 p.m., plaintiff was in the pizzeria when another student told her that her class had left. She hurried to the park but could not find them, and she started to walk home alone. At approximately 1:30 p.m., a block from the park, plaintiff met John Gibson (a student at the nearby junior high school), Chivelle Stallworth and a third boy whose name she did not know. Gibson and Stallworth began accosting her on the street and threatened to hurt her if she left. They then took her to Stallworth’s house where they raped and sodomized her for
 
 21h
 
 hours. When they released her, plaintiff ran home and told her mother what had occurred. Plaintiff’s mother, who had just informed the school of the disappearance, then called the police. Gibson and Stallworth were arrested later that day. Each pleaded guilty to first degree rape.
 

 After a jury verdict in plaintiff’s favor, the Appellate Division, one Justice dissenting, reversed and dismissed the complaint. The court held that as a matter of law, the rape was an unforeseeable superseding event absolving defendant of liability (230 AD2d 610). We disagree.
 

 Where third-party criminal acts intervene between defendant’s negligence and plaintiff’s injuries, the causal connection may be severed, precluding liability
 
 (see, Kush v City of Buffalo,
 
 59 NY2d 26, 33;
 
 Derdiarian v Felix Contr. Corp.,
 
 51 NY2d 308, 315). The criminal intervention of third parties may, however, be a "reasonably foreseeable” consequence of circumstances created by the defendant
 
 (Kush v City of Buffalo, supra).
 
 While foreseeability is generally an issue for the fact finder, where only one conclusion can be drawn, proximate cause may be decided as a matter of law
 
 (see, e.g., Benitez v New York City Bd. of Educ.,
 
 73 NY2d 650, 659).
 

 On this record, we cannot say that the intervening act of rape was unforeseeable as a matter of law. A rational jury
 
 *947
 
 hearing the trial testimony could have determined, as the jury in this case did, that the foreseeable result of the danger created by defendant’s alleged lack of supervision was injury such as occurred here. A fact finder could have reasonably concluded that the very purpose of the school supervision was to shield vulnerable schoolchildren from such acts of violence. As we have previously recognized, "[w]hen the intervening, intentional act of another is itself the foreseeable harm that shapes the duty imposed, the defendant who fails to guard against such conduct will not be relieved of liability when that act occurs”
 
 (Kush v City of Buffalo,
 
 59 NY2d at 33,
 
 supra).
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order reversed, with costs, and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.
 

 *
 

 Because plaintiff prevailed at trial, the evidence is summarized in a light most favorable to her (see,
 
 Cohen v Hallmark Cards,
 
 45 NY2d 493, 499).