■ RANDY KAMHI, Appellant, v STEVEN I. TAY et al., Defendants, and MATTHEW E. FINK et al., Respondents. [664 NYS2d 288] —Judgment, Supreme Court, New York County (Norman Ryp, J.), entered November 14, 1996, dismissing the complaint as against defendants Fink, Marks and Szlachter, and bringing up for review an order, same court and Justice, entered September 4, 1996, which granted said defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, unanimously affirmed, with costs. The appeal from the order is unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The complaint, replete with legal conclusions and devoid of any factual allegation of the underlying wrongful conduct for which plaintiff seeks to hold defendants vicariously liable, is not entitled to the benefit of the favorable inferences usually accorded on a preanswer motion to dismiss (*see, Stuart Lipsky, P. C. v Price*, 215 AD2d 102, 103).

Plaintiff's contention that defendant physicians had actual supervisory control over the operations of the psychotherapy clinic is speculative, and there is nothing to suggest that defendants' denial of control would be controverted by further disclosure. Moreover, although there is no allegation that defendants, who never saw or treated plaintiff, were consulted with respect to her treatment, even if they were, there would be no basis for the imposition of liability (*see, Sawh v Schoen*, 215 AD2d 291, 294). Since the duty owed by a physician is a question of law, the proffered opinion of plaintiff's expert therapist is incompetent to establish the standard of care applicable to defendants, not only because he is not a member of

the same profession, but because his opinion intrudes on the exclusive prerogative of the court (*supra*, at 293-294, quoting *Lipton v Kaye*, 214 AD2d 319, 322-323). Nor does defendants' acquiescence in being listed in the clinic's brochure as members of its advisory board support a finding of apparent or ostensible authority warranting the imposition of liability, since plaintiff's subjective impression of the implications arising from such listing is not probative and rests upon impermissible speculation. The result sought by plaintiff would unduly expand the universe of liability (*cf., Hylton v Flushing Hosp. & Med. Ctr.*, 218 AD2d 604, 605-606, *lv denied* 87 NY2d 807).

The claim for lack of informed consent, based upon the allegation that defendants failed to inform plaintiff that members of the advisory board are mere figureheads without significant duties at the clinic, is not viable. The misconduct of a therapist cannot support this cause of action because consent need be obtained only with respect to treatment, and the underlying conduct was not within the scope of the clinic's treatment (*Koren v Weihs*, 190 AD2d 560).

The fraud claim was properly dismissed because nothing in the brochure constituted a false representation. Nor are facts alleged from which scienter may be inferred. The claim for negligent misrepresentation is lacking, not only because of the absence of any misrepresentation, but because defendants, who never met or treated plaintiff, did not have a relationship of trust and confidence with her merely because she saw their names on a brochure, and were therefore under no duty to impart correct information to her concerning the scope of their duties (*see, Kimmell v Schaefer*, 89 NY2d 257, 263). The lack of false representation is similarly fatal to the claim for deceptive advertising under General Business Law § 349.

We have considered plaintiff's other contentions and find them to be without merit. Concur—Sullivan, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.