■ JAMES K. HEIDT, as Guardian Ad Litem of SETH KELLY, an Infant, Respondent, v ROME MEMORIAL HOSPITAL et al., Appellants, et al., Defendants. [724 NYS2d 139] —Order affirmed without costs. Memorandum: Supreme Court properly denied in part the motions and cross motion of all defendants except Rory Tropp, M.D. (defendants) seeking summary judgment dismissing the complaint. There are issues of fact concerning the alleged negligence of defendants in their failure to diagnose the infant and to provide appropriate treatment. "Battered child syndrome" is an accepted medical diagnosis (*see, People v Henson,* 33 NY2d 63, 73-74), and a medical malpractice action may be premised upon a failure to diagnose it (*see, Landeros v Flood,* 17 Cal 3d 399, 551 P2d 389). Further, although the infant's catastrophic injuries were directly caused by the intentional criminal act of the infant's father, there is an issue of fact whether that act was a "reasonably foreseeable" consequence of defendants' alleged negligence (*Kush v City of Buffalo,* 59 NY2d 26, 33; *see, Bell v Board of Educ.,* 90 NY2d 944, 946; *cf., Levitt v Lenox Hill Hosp.,* 184 AD2d 427, 429).

All concur except Lawton, J., who dissents and votes to reverse in the following Memorandum.

Lawton, J. (dissenting). I respectfully dissent. In denying in

part the motions and cross motion of all defendants except Rory Tropp, M.D. (defendants), Supreme Court concluded that defendant care givers could be held liable in damages for the catastrophic injuries received by the infant, who was physically abused by his father. The court concluded that defendants could be liable for medical malpractice because they each allegedly failed to diagnose the infant's fractured rib on an earlier admission. Plaintiff does not seek damages for the alleged misdiagnosis that occurred on August 11, 1996; rather, he seeks damages for the subsequent injuries the infant received from his abusive father on August 20, 1996. Thus, defendants can be held liable only for their failure to have taken action to prevent the subsequent injuries, viz., failure to report suspected child abuse.

Because the court dismissed the complaint with respect to all allegations arising out of the alleged violation of Social Services Law § 420 (2) and no appeal has been taken therefrom, all that remains is defendants' alleged liability under the common law. The issue before us is whether a care giver has a duty at common law to report suspected child abuse. I agree with defendants that there is no such duty and that, if such a duty did once exist, it was superseded by the enactment of Social Services Law article 6, title 6.

Plaintiff has cited no authority to support the proposition that a physician has a common-law duty to report actual child abuse, let alone suspected child abuse. There are good reasons for the absence of such a duty. Until the enactment of title 6, entitled Child Protective Services, there was no designated individual or agency to whom to report such abuse. No protection was accorded to physicians who made such findings or suspicions public. Without the statutory protection afforded by Social Services Law § 419, physicians were vulnerable to legal action (*see, e.g., Satler v Larsen*, 131 AD2d 125, 129-130; *Kempster v Child Protective Servs.*, 130 AD2d 623, 624-625; *Marquez v Presbyterian Hosp.*, 159 Misc 2d 617; *see also, Miriam P. v City of New York*, 163 AD2d 39, 43, *appeal dismissed* 77 NY2d 873).

The conclusion is inescapable that article 6, title 6 of the Social Services Law was intended to define the duty of a care giver to report cases of suspected child abuse and that no common-law duty, if any ever existed before the enactment of title 6, survived. Because there is no common-law duty to report, there can be no liability in this case as a matter of law (*see generally, Eiseman v State of New York*, 70 NY2d 175, 187-189; *Pulka v Edelman*, 40 NY2d 781, 782, *rearg denied* 41 NY2d 901; *Kamhi v Tay*, 244 AD2d 266). In any event, even if

there were a duty, the alleged failure of defendants to diagnose the infant's fractured rib and to report suspected child abuse cannot be found to have been a proximate cause of the infant's subsequent injury because that failure was not a substantial factor in producing those injuries (*see, Koeppel v Park,* 228 AD2d 288, 290-291). The conclusory assertions of plaintiff's experts concerning proximate cause are insufficient to defeat defendants' entitlement to summary judgment in this case (*see, Dachille v Good Samaritan Hosp.,* 207 AD2d 373). Consequently, I would reverse the order, grant defendants' motions and cross motion and dismiss the complaint. (Appeals from Order of Supreme Court, Onondaga County, Tormey, III, J.— Summary Judgment.) Present—Pine, J. P., Wisner, Balio and Lawton, JJ.