Basile v Board of Educ. of the Glen Cove City Sch. Dist. (2023 NY Slip Op 05583)

Basile v Board of Educ. of the Glen Cove City Sch. Dist.

2023 NY Slip Op 05583

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-02321
 (Index No. 9402/13)

[*1]Christine Basile, etc., respondent, 
v
Board of Education of the Glen Cove City School District, et al., appellants (and a related action).

Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas P. Calabria of counsel), for appellants.
Grey & Grey, LLP, Farmingdale, NY (Steven D. Rhoads of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered January 21, 2020. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2012, C.B., then a high school student, allegedly was sexually assaulted by another high school student at Glen Cove High School. The alleged assault occurred during the time period between the end of classes and the start of sports teams' practices. Over the course of several minutes, the assailant allegedly grabbed C.B. in a hallway, lifted her, and forced her into a girls' bathroom, where he groped her both under and over her clothing. After C.B. exited the bathroom, the assailant allegedly grabbed her arm and attempted to force her into the boys' bathroom in the same hallway. During the struggle, C.B. fell onto her back, at which point the assailant pulled her by the legs towards the girls' bathroom and forced her legs open. According to C.B., during the assault, she was yelling and telling the assailant to stop touching her and to leave her alone. After C.B. freed herself from the assailant's hold, the assailant forced her into a staircase, blocking her exit. Eventually, C.B. was able to leave and reported the incident to her coach.
The plaintiff, suing individually and as C.B.'s mother and natural guardian, commenced this action against the defendants, Board of Education of the Glen Cove City School District and the Glen Cove City School District, to recover damages for personal injuries, alleging that they failed to provide adequate supervision. The defendants moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court, inter alia, denied the motion. The defendants appeal.
"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 [*2]NY2d 320, 324 [citations omitted]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (id. at 49). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (id.; see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302). "Actual or constructive notice to the school of prior similar conduct is generally required . . . [and] an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (Mirand v City of New York, 84 NY2d at 49; see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302).
Here, the defendants established that they lacked actual or constructive notice of the assailant's potential for causing harm, as they submitted evidence that C.B. and the assailant had no previous significant interaction, and that the assailant's disciplinary record did not include any sexually aggressive behavior (see Brandy B. v Eden Cent. School Dist., 15 NY3d at 302; Francis v Mount Vernon Bd. of Educ., 164 AD3d 873, 875; Jake F. v Plainview-Old Bethpage Cent. School Dist., 94 AD3d 804, 805). However, the defendants failed to eliminate all triable issues of fact as to whether they provided adequate supervision in the hallway where the assault occurred. The evidence submitted established (1) that the school employed six security guards, who were on duty at the time of the incident, (2) that one of those guards was assigned to patrol the inside of the building, (3) that one guard was assigned to the front desk, which monitored the school's security cameras, (4) that the hallway portions of the incident were captured on a security camera, (5) that if a guard had seen the incident taking place on the security camera, security staff would have intervened, and (6) that one or two staff members passed through the hallway during the incident, but did not intervene. Viewing the evidence in the light most favorable to the plaintiff (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833), the defendants failed to establish as a matter of law that the general security measures at the school were sufficient under the circumstances and that the incident occurred in such a short span of time that it could not have been prevented by the most intense supervision (see K.J. v City of New York, 156 AD3d 611, 614; Luciano v Our Lady of Sorrows School, 79 AD3d 705, 705; Siller v Mahopac Cent. School Dist., 18 AD3d 532, 533; Nelson v Sachem Cent. School Dist., 245 AD2d 434, 435; see also Mirand v City of New York, 84 NY2d at 50-51). Therefore, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., MALTESE, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court