J. B. v Monroe-Woodbury Cent. Sch. Dist. (2024 NY Slip Op 00752)

J. B. v Monroe-Woodbury Cent. Sch. Dist.

2024 NY Slip Op 00752

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-03067
 (Index No. 8215/19)

[*1]J. B., respondent, 
v
Monroe-Woodbury Central School District, appellant, et al., defendants.

Ingerman Smith, LLP, Hauppauge, NY (Keith T. Olsen and David F. Kwee of counsel), for appellant.
Phillips & Paolicelli, LLP, New York, NY (Diane Paolicelli and Jacob Green of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Monroe-Woodbury Central School District appeals from an order of the Supreme Court, Orange County (Leonard D. Steinman, J.), dated February 3, 2023. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the second cause of action insofar as asserted against the defendant Monroe-Woodbury Central School District.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On or about October 16, 2019, the plaintiff commenced this action against the defendant Monroe-Woodbury Central School District (hereinafter the School District), among others, pursuant to the Child Victims Act (see CPLR 214-g). In the second cause of action, the plaintiff alleged that the defendants were negligent in allowing a physician who was employed by the defendants to sexually abuse the plaintiff, at school, while he was a student, and while the physician was conducting medical examinations of students prior to student engagement in school sports. After discovery, the defendants moved, inter alia, for summary judgment dismissing the second cause of action insofar as asserted against the School District. In an order dated February 3, 2023, the Supreme Court, among other things, denied that branch of the motion. The School District appeals.
A school "has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Destiny S. v John Quincy Adams Elementary Sch., 98 AD3d 1102, 1102; see Mirand v City of New York, 84 NY2d 44, 49; Nancy Ann O. v Poughkeepsie City School Dist., 95 AD3d 972, 973). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (Mirand v City of New York, 84 NY2d at 49). The standard for determining whether a school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information (see David v County of Suffolk, 1 NY3d 525, 526; Mirand v City of New York, 84 NY2d at 49; Doe v Rohan, 17 AD3d 509, 511).
Here, the defendants' own submissions failed to eliminate triable issues of fact as to whether it was negligent to permit the plaintiff to be alone behind closed doors with a physician during medical examinations, because such conduct was in contravention of the School District's own policy and because the defendants' witnesses both testified at their depositions that such conduct would be inappropriate (see Bell v Board of Educ. of City of N.Y., 90 NY2d 944; Basile v Board of Educ. of the Glen Cove City Sch. Dist., 221 AD3d 645, 647; Doe v Bronx Preparatory Charter Sch., 193 AD3d 591, 592; Garcia v City of New York, 222 AD2d 192). A factfinder could reasonably conclude that the specific purpose of the School District's policy was to shield vulnerable schoolchildren from acts of sexual violence (see Bell v Board of Educ. of City of N.Y., 90 NY2d 944). "'[W]hen the intervening, intentional act of another is itself the foreseeable harm that shapes the duty imposed, the defendant who fails to guard against such conduct will not be relieved of liability when that act occurs'" (id. at 947, quoting Kush v City of Buffalo, 59 NY2d 26, 33).
As the defendants failed to establish, prima facie, that the School District was entitled to judgment as a matter of law dismissing the second cause of action insofar as asserted against it, the Supreme Court properly denied the subject branch of the motion, without regard to the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., DOWLING, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court