BL Doe 2 v Fleming (2024 NY Slip Op 03610)

Bl Doe 2

2024 NY Slip Op 03610

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

289 CA 23-01501

[*1]BL DOE 2, PLAINTIFF-RESPONDENT,
v
EDWIN D. FLEMING, DEFENDANT, AND ROCHESTER CITY SCHOOL DISTRICT, DEFENDANT-APPELLANT.

COZEN O'CONNOR, NEW YORK CITY (AMANDA L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BANSBACH LAW P.C., ROCHESTER (JOHN M. BANSBACH OF COUNSEL), AND O'BRIEN & FORD, BUFFALO, FOR PLAINTIFF-RESPONDENT.

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), entered May 26, 2023. The order and judgment, inter alia, denied in part the motion of defendant Rochester City School District for summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this personal injury action pursuant to the Child Victims Act (see CPLR 214-g) alleging that she was sexually abused during a period from 1972 to 1974 by defendant Edwin D. Fleming (Fleming) while attending East High School in defendant Rochester City School District (defendant). After discovery, defendant moved for summary judgment dismissing plaintiff's complaint against it and plaintiff cross-moved for, inter alia, partial summary judgment on defendant's liability. Supreme Court, inter alia, denied defendant's motion to the extent that it sought dismissal of plaintiff's negligence and negligent failure to report causes of action and denied plaintiff's cross-motion to the extent that it sought partial summary judgment on liability. Defendant now appeals, as limited by its brief, from those parts of the order and judgment that denied its motion to the extent that it sought dismissal of plaintiff's negligence and negligent failure to report causes of action. We affirm.
Plaintiff's negligence cause of action is premised on two theories, specifically defendant's alleged negligent supervision of plaintiff and defendant's alleged negligent retention of Fleming, a music teacher employed by defendant. Both theories require consideration of whether Fleming's misconduct was reasonably foreseeable. "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010]). This duty "requires that the school exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances" (BL Doe 3 v Female Academy of the Sacred Heart, 199 AD3d 1419, 1422 [4th Dept 2021] [hereinafter Female Academy] [internal quotation marks omitted]; see David v County of Suffolk, 1 NY3d 525, 526 [2003]). A plaintiff may succeed on a claim of negligent supervision by establishing "that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury" (Mirand, 84 NY2d at 49). Further, although unanticipated third-party acts generally will not give rise to liability (see Brandy B., 15 NY3d at 302), a school district may nonetheless "be held liable for an injury that is the reasonably foreseeable consequence of circumstances it created by its inaction" (Doe v Fulton School Dist., 35 AD3d 1194, 1195 [4th Dept 2006] [hereinafter Fulton School Dist.]; see Bell v Board of Educ. of City of N.Y., 90 NY2d 944, 946-947 [1997]; Mirand, 84 NY2d at 49-51; [*2]Murray v Research Found. of State Univ. of N.Y., 283 AD2d 995, 997 [4th Dept 2001], lv denied 96 NY2d 719 [2001]). Similarly, to establish a claim of negligent retention, "it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shapiro v Syracuse Univ., 208 AD3d 958, 960 [4th Dept 2022] [internal quotation marks omitted]; see Pater v City of Buffalo, 141 AD3d 1130, 1131 [4th Dept 2016], lv denied 29 NY3d 911 [2017]).
Contrary to defendant's contention, the court properly denied that part of its motion seeking dismissal of plaintiff's negligence cause of action inasmuch as defendant failed to meet its prima facie burden of establishing that the sexual abuse that led to plaintiff's injuries was unforeseeable as a matter of law (see Bell, 90 NY2d at 946-947). In support of its motion, defendant submitted, among other things, plaintiff's deposition wherein she testified that she never told anyone about the sexual abuse by Fleming during the time that it was occurring. Plaintiff, however, further testified that the abuse occurred during school hours when plaintiff "would [have thought] that people would have seen [her] going into that sanctum back there where his office was a small part of it." Fleming would pull plaintiff out of music classes or when she was "hanging around in the lounge where the kids would assemble." Further, in her senior year, plaintiff began "skipping a lot of classes and not showing up" in order to avoid Fleming, resulting in a noticeable change in her previously "very, very good" attendance. We conclude that defendant's own submissions raise a triable issue of fact whether defendant, in failing to notice or investigate plaintiff's frequent absences from class, exercised the same degree of care and supervision over plaintiff that a parent of ordinary prudence would have exercised (see Doe v Whitney, 8 AD3d 610, 611-612 [2d Dept 2004]).
Defendant offered no affirmative evidence establishing as a matter of law the existence of any sexual harassment prevention policies or the absence of any relevant complaints regarding Fleming prior to or during the relevant time period (cf. Ernest L. v Charlton School, 30 AD3d 649, 651 [3d Dept 2006]). Defendant did submit, among other things, the deposition testimony of a teacher who worked at plaintiff's high school during the years relevant to plaintiff's allegations and who continued his career with defendant as an administrator. The administrator testified that, in reference to complaints regarding sexual misconduct, "there was a time where we didn't cross our T's and dot our I's." The administrator explained that, before the 1980s, when the state "got a lot more forceful," there had been "always an effort to resolve the problem by removing the teacher." The administrator agreed that defendant "didn't necessarily take the action that would prevent [sexual abuse] from happening again." A factfinder could reasonably infer from that testimony that defendant was aware of other instances of sexual abuse of students by its teachers occurring prior to the 1980s and maintained a practice of removing the offending teachers without taking further action to prevent future sexual abuse. Thus, defendant's own submissions raise a triable issue of fact whether plaintiff's injuries were the "reasonably foreseeable consequence of circumstances it created by its inaction" (Fulton School Dist., 35 AD3d at 1195).
Even assuming, arguendo, that defendant did meet its initial burden, we conclude that plaintiff raised a triable issue of fact. In opposition to defendant's motion and in support of her cross-motion, plaintiff submitted, inter alia, the deposition testimony of another student, identified as BL Doe 3, who attended East High School at the same time as plaintiff and who alleges that she was also sexually abused by Fleming. BL Doe 3 testified that, beginning in the fall of 1972, she told several school staff members that Fleming "was too touchy-feely or . . . he gave me the creeps," that " 'Mr. Fleming makes me uncomfortable. He's very touchy. I don't like to be touched,' " and that " 'He touches too much.' " Despite the absence of more explicit terminology in BL Doe 3's reports, we conclude that a factfinder could reasonably infer that defendant, in failing to investigate those reports, did not exercise the same degree of care and supervision that a parent of ordinary prudence would have exercised (see generally David, 1 NY3d at 526; Shapiro, 208 AD3d at 960).
The court also properly declined to dismiss plaintiff's cause of action alleging defendant's violation of the common-law duty to report. Contrary to defendant's contention, a school's duty to report falls within the scope of its "common-law duty to adequately supervise its students," which, as noted above, "requires that the school exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances" (Female Academy, 199 AD3d at 1422 [internal quotation marks omitted]; see Matter of Kimberly S.M. v Bradford Cent. School, [*3]226 AD2d 85, 87-88 [4th Dept 1996]; see generally Mirand, 84 NY2d at 49). Thus, regardless of whether a common-law cause of action exists in New York for failure to report child abuse by a defendant who lacks a school's in loco parentis relationship with a child (see Heidt v Rome Mem. Hosp., 278 AD2d 786, 787 [4th Dept 2000] [Lawton, J., dissenting], citing Eiseman v State of New York, 70 NY2d 175, 187-189 [1987]), here defendant's alleged failure to do so is a recognized form of negligence (see Female Academy, 199 AD3d at 1422-1423). Finally, we conclude that defendant failed to meet its burden of establishing, with respect to its failure to report the abuse of plaintiff, that it exercised such care and supervision over plaintiff as a parent of ordinary prudence would have exercised (see generally id.).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court