BL Doe 4 v Fleming (2024 NY Slip Op 04000)

BL Doe 4 v Fleming

2024 NY Slip Op 04000

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, KEANE, AND HANNAH, JJ.

489 CA 23-00956

[*1]BL DOE 4, PLAINTIFF-RESPONDENT,
v
EDWIN D. FLEMING, DEFENDANT, AND ROCHESTER CITY SCHOOL DISTRICT, DEFENDANT-APPELLANT. 

FERRARA FIORENZA PC, EAST SYRACUSE (RYAN L. MCCARTHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
BANSBACH LAW P.C., ROCHESTER (JOHN M. BANSBACH OF COUNSEL), AND O'BRIEN & FORD, BUFFALO, FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), entered May 26, 2023. The order and judgment, among other things, denied in part the motion of defendant Rochester City School District for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this personal injury action pursuant to the Child Victims Act (see CPLR 214-g) alleging that she was sexually abused during a period from 1980 to 1981 by defendant Edwin D. Fleming while attending East High School in defendant Rochester City School District (defendant). After discovery, plaintiff moved for partial summary judgment on defendant's liability and dismissal of certain affirmative defenses asserted by defendant, and defendant moved for summary judgment dismissing the complaint against it. Supreme Court, inter alia, granted plaintiff's motion insofar as plaintiff sought dismissal of defendant's 1st through 4th, 13th, 14th and 16th affirmative defenses, and denied defendant's motion to the extent that it sought dismissal of the negligence and negligent failure to report causes of action. Defendant now appeals, as limited by its brief, from those parts of the order and judgment that denied its motion to the extent that it sought dismissal of the negligence and negligent failure to report causes of action. We affirm.
Plaintiff's negligence cause of action is premised on two theories, specifically defendant's alleged negligent supervision of plaintiff and defendant's alleged negligent retention of Fleming, a music teacher employed by defendant. Both theories require consideration of whether Fleming's misconduct was reasonably foreseeable. "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Brandy B. v Eden Cent. School Dist., 15 NY3d 297, 302 [2010]; BL Doe 2 v Fleming, — AD3d &mdash, &mdash, 2024 NY Slip Op 03610, *1 [4th Dept 2024]). That duty "requires that the school exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances" (BL Doe 3 v Female Academy of the Sacred Heart, 199 AD3d 1419, 1422 [4th Dept 2021] [internal quotation marks omitted]; see David v County of Suffolk, 1 NY3d 525, 526 [2003]; BL Doe 2, — AD3d at &mdash, 2024 NY Slip Op 03610, *1). A plaintiff may succeed on a claim of negligent supervision by establishing "that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury" (Mirand, 84 NY2d at 49). Further, although unanticipated third-party acts generally will not give rise to liability (see Brandy B., 15 NY3d at 302), a school district may nonetheless "be held liable [*2]for an injury that is the reasonably foreseeable consequence of circumstances it created by its inaction" (Doe v Fulton School Dist., 35 AD3d 1194, 1195 [4th Dept 2006]; see Bell v Board of Educ. of City of N.Y., 90 NY2d 944, 946-947 [1997]; Mirand, 84 NY2d at 49-51; BL Doe 2, — AD3d at &mdash, 2024 NY Slip Op 03610, *1-2). Similarly, to establish a claim of negligent retention, "it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shapiro v Syracuse Univ., 208 AD3d 958, 960 [4th Dept 2022] [internal quotation marks omitted]; see BL Doe 2, — AD3d at &mdash, 2024 NY Slip Op 03610, *2; Pater v City of Buffalo, 141 AD3d 1130, 1131 [4th Dept 2016], lv denied 29 NY3d 911 [2017]).
Contrary to defendant's contention, the court properly denied that part of its motion seeking summary judgment dismissing the negligence cause of action inasmuch as defendant failed to meet its prima facie burden of establishing that the sexual abuse that led to plaintiff's injuries was unforeseeable as a matter of law (see Bell, 90 NY2d at 946-947; BL Doe 2, — AD3d at &mdash, 2024 NY Slip Op 03610, *2). In support of its motion, defendant submitted, among other things, plaintiff's deposition wherein she testified that various teachers "recalled that Fleming had a questionable reputation" and "that there were rumors, that there was definitely a touchy-feely vibe in the music room." Defendant also submitted the deposition of another music teacher employed by defendant, who testified that she learned of Fleming's nickname, "Flem the feeler," prior to the abuse of plaintiff. With that testimony, along with other testimony regarding Fleming's reputation, defendant's own submissions raise an issue of fact whether defendant exercised the same degree of care and supervision over plaintiff that a parent of ordinary prudence would have exercised (see BL Doe 2, — AD3d at &mdash, 2024 NY Slip Op 03610, *2; see generally Doe v Whitney, 8 AD3d 610, 611-612 [2d Dept 2004]).
The court also properly denied defendant's motion with respect to the cause of action for violation of the common-law duty to report. Contrary to defendant's contention, a school's duty to report falls within the scope of its "common-law duty to adequately supervise its students," which, as noted above, "requires that the school exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances" (BL Doe 3, 199 AD3d at 1422 [internal quotation marks omitted]; see Matter of Kimberly S.M. v Bradford Cent. School, 226 AD2d 85, 87-88 [4th Dept 1996]; see generally Mirand, 84 NY2d at 49; BL Doe 2, — AD3d at &mdash, 2024 NY Slip Op 03610, *2-3). Thus, regardless of whether a common-law cause of action exists in New York for failure to report child abuse by a defendant who lacks a school's in loco parentis relationship with a child (see BL Doe 2, — AD3d at &mdash, 2024 NY Slip Op 03610, *3; Heidt v Rome Mem. Hosp., 278 AD2d 786, 787 [4th Dept 2000] [Lawton, J., dissenting], citing, inter alia, Eiseman v State of New York, 70 NY2d 175, 187-189 [1987]), here defendant's alleged failure to do so is a recognized form of negligence (see BL Doe 2, — AD3d at &mdash, 2024 NY Slip Op 03610, *3; BL Doe 3, 199 AD3d at 1422-1423). We further conclude that defendant failed to meet its burden of establishing, with respect to its failure to report the abuse of plaintiff, that it exercised such care and supervision over plaintiff as a parent of ordinary prudence would have exercised (see BL Doe 2, — AD3d at &mdash, 2024 NY Slip Op 03610, *3; see generally BL Doe 3, 199 AD3d at 1422-1423).
We have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the order and judgment.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court