Volkel v Smithtown Gospel Tabernacle (2024 NY Slip Op 05236)

Volkel v Smithtown Gospel Tabernacle

2024 NY Slip Op 05236

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2023-07607
 (Index No. 619658/19)

[*1]Rachel Volkel, respondent, 
v
Smithtown Gospel Tabernacle, defendant, Camp Cherith in the Adirondacks, Inc., etc., appellant.

Wade Clark Mulcahy LLP (Shaub Ahmuty Citrin & Spratt, LLP, Lake Success, NY [Christopher Simone and Nicholas Tam], of counsel), for appellant.
Hach Rose Schirripa & Cheverie LLP, New York, NY (Hillary M. Nappi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Camp Cherith in the Adirondacks, Inc., appeals from an order of the Supreme Court, Suffolk County (Leonard D. Steinman, J.), dated June 22, 2023. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action commenced pursuant to the Child Victims Act (see CPLR 214-g), the plaintiff alleges, inter alia, that the defendant Camp Cherith in the Adirondacks, Inc. (hereinafter Camp Cherith), a residential summer camp for girls located in Corinth, negligently failed to prevent a sexual assault against her while she attended the camp for a week in July 1996, when she was seven years old. The plaintiff alleges that the sexual assault was perpetrated by Ronald Braaten, an adult visitor at the camp, in one of the staff residences located on the campgrounds. After the completion of discovery, Camp Cherith moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated June 22, 2023, the Supreme Court, among other things, denied the motion. Camp Cherith appeals.
A summer camp to which the custody of a child is entrusted has a duty to adequately supervise children in its charge and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Kwitko v Camp Shane, Inc., 224 AD3d 895, 895-896; Carpaneto v Middle Bay Golf Club, 184 AD3d 799, 800; see also Mirand v City of New York, 84 NY2d 44, 49; Gonzalez v South Huntington Union Free Sch. Dist., 176 AD3d 920, 921; Butera v Village of Bellport, 128 AD3d 995). "The duty owed derives from the simple fact that a [camp], in assuming physical custody and control over its [campers], effectively takes the place of parents and guardians" (Mirand v City of New York, 84 NY2d at 49). "The standard for determining whether the [camp] has breached its duty is to compare the [camp's] supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d 751, 753 [internal quotation marks omitted]; see David v County of Suffolk, 1 NY3d 525, 526; Timothy Mc. v Beacon City Sch. Dist., 127 AD3d [*2]826, 828; Phelps v Boy Scouts of Am., 305 AD2d 335).
Here, Camp Cherith established that it lacked actual or constructive notice of Braaten's propensity to sexually abuse children. However, Camp Cherith's submissions failed to eliminate a triable issue of fact as to whether it provided adequate supervision to the plaintiff (see Mirand v City of New York, 84 NY2d at 49). As Camp Cherith's policies allowed visitors to stay in the staff residences and prohibited campers from entering the staff residences, there is an issue of fact as to whether the sexual assault of a camper by a guest in the staff residences, such as was alleged by the plaintiff, was foreseeable (see Bell v Board of Educ. of City of N.Y., 90 NY2d 944; J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d 722, 724; Basile v Board of Educ. of the Glen Cove City Sch. Dist., 221 AD3d 645, 647; Garcia v City of New York, 222 AD2d 192). A factfinder could reasonably conclude that the specific purpose of Camp Cherith's policy of forbidding campers from entering the staff residences was to shield vulnerable young campers from acts of sexual assault (see Bell v Board of Educ. of City of N.Y., 90 NY2d 944). "'[W]hen the intervening, intentional act of another is itself the foreseeable harm that shapes the duty imposed, the defendant who fails to guard against such conduct will not be relieved of liability when that act occurs'" (id. at 947, quoting Kush v City of Buffalo, 59 NY2d 26, 33).
As Camp Cherith failed to establish, prima facie, that it was entitled to judgment as a matter of law, the Supreme Court properly denied its motion for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court