TERESA MURRAY, Individually and as Parent and Natural Guardian of JOHN DOE, an Infant, Respondent-Appellant, v

RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK, Also Known as EDUCATIONAL TALENT SEARCH, Respondent, and ROCHESTER CITY SCHOOL DISTRICT, Appellant-Respondent, et al., Defendant. [723 NYS2d 805] —Order unanimously affirmed without costs. Memorandum: Plaintiff's son was sexually assaulted by defendant Reginald Wright, an employee of defendant Research Foundation of the State University of New York, a/k/a Educational Talent Search (Foundation). Wright coordinated the Educational Talent Search program in the middle school that plaintiff's son attended and defendant Rochester City School District (District) provided him with an office there. Although plaintiff's son was not enrolled in the program, he was released from his classes on the authority of student passes issued by Wright, who sexually assaulted him in Wright's office on a weekly basis over a six-month period.

Supreme Court properly granted the motion of the Foundation for summary judgment dismissing the complaint against it. The Foundation met its initial burden by establishing as a matter of law that it was not negligent in hiring or retaining Wright, and plaintiff failed to raise an issue of fact (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). The Foundation presented evidence that it conducted an extensive interview and obtained written references prior to hiring Wright. Absent facts that would lead a reasonably prudent person to suspect that Wright had dangerous propensities, the Foundation had no duty to investigate further before hiring Wright (*see, K. I. v New York City Bd. of Educ.,* 256 AD2d 189, 191-192; *Kenneth R. v Roman Catholic Diocese,* 229 AD2d 159, 163, *cert denied* 522 US 967, *lv dismissed* 91 NY2d 848). Contrary to plaintiff's contention, there is no evidence in the record that a routine background check would have revealed that Wright had a propensity to harm children (*cf., Doe v County of Wayne,* 269 AD2d 802). The Foundation further established that it was not negligent in retaining Wright as its employee because it neither knew nor had reason to know that Wright posed a risk to children (*see, Piniewski v Panepinto,* 267 AD2d 1087, 1088; *see also, Farrell v McIntosh,* 221 AD2d 312, 313-314, *lv denied* 87 NY2d 809; *Curtis v County of Oneida,* 248 AD2d 999).

The court properly denied the motion of the District seeking summary judgment dismissing the complaint against it. The District has "the duty to exercise the same degree of care and supervision over the pupils under its control as a reasonably prudent parent would exercise under the same circumstances [citation omitted]. The standard for determining whether this

duty was breached is whether a parent of ordinary prudence placed in the identical situation and armed with the same information would invariably have provided greater supervision" (*Mary KK. v Jack LL.*, 203 AD2d 840, 841-842). Although the District met its initial burden of establishing its entitlement to judgment as a matter of law, plaintiff raised issues of fact, including whether a reasonably prudent parent would know whether plaintiff's son was enrolled in the program and whether he would be permitted to meet with Wright behind closed doors in contravention of the District rule prohibiting an adult from meeting alone with a student in a room with a closed door. We reject the contention of the District that it cannot be held liable without actual or constructive notice of Wright's behavior. "Where third-party criminal acts intervene between defendant's negligence and plaintiff's injuries, the causal connection may be severed, precluding liability * * * The criminal intervention of third parties may, however, be a 'reasonably foreseeable' consequence of circumstances created by the defendant" (*Bell v Board of Educ.*, 90 NY2d 944, 946), i.e., plaintiff's son was permitted to meet alone with the coordinator of a program in which he was not enrolled, in a room with a closed door.

Finally, we conclude that the court properly denied plaintiff's motion seeking partial summary judgment on liability against the District. As the court properly determined, plaintiff failed to establish her entitlement to judgment as a matter of law (*see generally, Zuckerman v City of New York, supra*, at 562). (Appeals from Order of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.