■ JANE DOE, Individually and as Parent and Natural Guardian of DANETTE D., an Infant, Respondent, v JASON LORICH, Defendant, and NORTH TONAWANDA SCHOOL DISTRICT, Appellant. [788 NYS2d 754]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered December 3, 2003. The order denied the motion of defendant North Tonawanda School District seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action against Jason Lorich and his employer, the North Tonawanda School District

(defendant), seeking damages for the alleged sexual abuse of plaintiff's daughter when she was a student in Lorich's third grade class. Plaintiff alleges that defendant was negligent in that its school principal failed to protect plaintiff's daughter when he knew or should have known that she was at risk of being sexually abused by Lorich. Contrary to the contention of defendant, Supreme Court properly denied its motion for summary judgment dismissing the complaint. "The standard to determine whether the school has breached its duty is to compare the school's supervision and protection to that of 'a parent of ordinary prudence placed in the identical situation and armed with the same information' " (*Dia CC. v Ithaca City School Dist.*, 304 AD2d 955, 956 [2003], *lv denied* 100 NY2d 506 [2003], quoting *Mary KK. v Jack LL.*, 203 AD2d 840, 841 [1994]; *see Murray v Research Found. of State Univ. of N.Y.*, 283 AD2d 995, 996-997 [2001], *lv denied* 96 NY2d 719 [2001]). Here, even assuming, arguendo, that defendant met its burden on the motion to establish its entitlement to dismissal of the complaint (*see e.g. Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Pizzuto v Poss* [Appeal No. 1], 198 AD2d 910 [1993]), we conclude that plaintiff raised a triable issue of fact whether defendant's school principal, after obtaining possession of a certain letter written by Lorich to another student, " 'exercise[d] the same degree of care and supervision over [plaintiff's daughter that] a reasonably prudent parent would exercise under the same circumstances' " (*Murray*, 283 AD2d at 996). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.