PATRICIA A. CARUANA, Appellant, v OSWEGO COUNTY BOARD OF COOPERATIVE EDUCATION SERVICES et al., Respondents. [809 NYS2d 750]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered August 13, 2004 in a personal injury action. The order, insofar as appealed from, denied that part of plaintiff's cross motion for partial summary judgment determining that plaintiff need not plead or prove that she sustained a serious injury.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law with costs, that part of the cross motion for partial summary judgment determining that plaintiff need not plead or prove that she sustained a serious injury is granted and the third ordering paragraph is vacated.

Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she sustained when the left front

wheel came off her car as she drove along the highway. The day before the accident, a student under the supervision of defendant James Loomis at a school operated by defendant Oswego County Board of Cooperative Education Services had changed the tires on plaintiff's car. Defendants moved for summary judgment on the ground, inter alia, that plaintiff did not plead, and could not prove, that she sustained a serious injury (*see* Insurance Law § 5102 [d]) as assertedly required by Insurance Law § 5104 (a), and plaintiff cross-moved, inter alia, for an order granting partial summary judgment determining that she need not plead or prove that she sustained a serious injury. By its order on appeal, Supreme Court determined, inter alia, that the action is "subject to" the no-fault insurance law, and thus implicitly determined that plaintiff is required to meet the serious injury threshold (*see* § 5104 [a]). We conclude that the court should have granted that part of plaintiff's cross motion for partial summary judgment determining that plaintiff need not plead or prove that she sustained a serious injury.

Pursuant to Insurance Law § 5104 (a), in an action by one "covered person" against another "covered person," the plaintiff cannot recover for noneconomic injury unless he or she has sustained a "serious injury" as defined in section 5102 (d) of the Insurance Law. A "covered person" is defined as a "pedestrian injured through the use or operation of, or any owner, operator or occupant of, a motor vehicle . . . ; or any other person entitled to first party benefits" (§ 5102 [j]). Here, plaintiff is a covered person within the meaning of section 5102 (j), but defendants and their student are not (*see generally Hill v Metropolitan Suburban Bus Auth.*, 157 AD2d 93, 97 [1990]; *Lang v City of New York*, 98 AD2d 792 [1983]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Smith, JJ.