■ LISA P. et al., as Parents and Natural Guardians of CORY L.P., Respondents, v ATTICA CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant. (Action No. 1.) EDWARD M.H. et al., as Parents and Natural Guardians of LUKE P.H., Respondents, v ATTICA CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant. (Action No. 2.) [810 NYS2d 772]—

Appeal from an order of the Supreme Court, Wyoming County (Michael F. Griffith, A.J.), entered May 23, 2005. The order, insofar as appealed from, denied in part the motion of defendant Attica Central School District for summary judgment dismissing the complaints against it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaints against defendant Attica Central School District are dismissed.

Memorandum: The plaintiffs in action Nos. 1 and 2 commenced their respective actions alleging, inter alia, negligent supervision against Attica Central School District (defendant) arising from the alleged sexual molestation of their respective 12-year-old sons by defendant Warren L. Burnside, a teacher employed by defendant. Burnside admitted that he sexually molested plaintiffs' children on the school bus during a school-sponsored trip to Boston, Massachusetts. We agree with defendant that Supreme Court erred in denying that part of its motion for summary judgment dismissing the complaints against it insofar as they allege negligent supervision and thus should

have granted in its entirety the motion of defendant for summary judgment dismissing the complaints against it.

A school district has the duty to exercise the same degree of care and supervision over pupils under its control as a reasonably prudent parent would exercise under the same circumstances. " 'The standard for determining whether this duty was breached is whether a parent of ordinary prudence placed in an identical situation and armed with the same information would invariably have provided greater supervision' " (*Murray v Research Found. of State Univ. of N.Y.*, 283 AD2d 995, 996-997 [2001], *lv denied* 96 NY2d 719 [2001]). In order to impose liability on a school district for negligent supervision, "the plaintiff generally must demonstrate the [school district's] prior knowledge or notice of the individual's propensity or likelihood to engage in such conduct, so that the individual's acts could be anticipated or were foreseeable" (*Dia CC. v Ithaca City School Dist.*, 304 AD2d 955, 956 [2003], *lv denied* 100 NY2d 506 [2003]).

We conclude that defendant met its initial burden on the motion with respect to negligent supervision by establishing that it had no notice of Burnside's propensity for sexual abuse, and plaintiffs failed to raise an issue of fact to defeat that part of the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendant submitted evidence establishing that Burnside had received only positive evaluations and that there were no incidents or complaints of any behavior indicating a propensity toward sexual abuse. In response, plaintiffs submitted the deposition testimony of Burnside, wherein he admitted that, on several of the school's overnight trips, he slept in a room with boys under his supervision and occasionally slept in the same bed with the boys. Although defendant knew or should have known based on information that it received concerning room assignments that Burnside was sleeping in a room with boys under his supervision, there is no evidence in the record that defendant knew or should have known that Burnside slept in the same bed with them.

We further conclude that defendant's actual or constructive notice that Burnside slept in a room with boys under his supervision does not establish the requisite knowledge or notice of Burnside's propensity or likelihood to engage in sexually abusive behavior (*see Steinborn v Himmel*, 9 AD3d 531, 533-534 [2004]). Indeed, at least one parent testified at her deposition that she requested that Burnside sleep in the room with her son because her son's medical conditions required supervision. Plaintiffs' reliance on *Doe v Lorich* (15 AD3d 904 [2005]) is misplaced because, in that case, the school principal's posses-

sion of a letter written by the teacher at issue to a student raised a triable issue of fact whether the principal exercised the requisite degree of care and supervision that a reasonably prudent parent would exercise under the same circumstances. Here, however, there is no evidence in the record that defendant had knowledge of any prior inappropriate conduct by Burnside. Finally, we note that plaintiffs' reliance on the decision of this Court in *Murray* (283 AD2d 995 [2001]) is equally misplaced because, in that case, the defendant school district permitted a student to meet with an adult behind closed doors in direct contravention of a rule promulgated by the school district. Here, there was no such rule promulgated by defendant and, indeed, several other chaperones testified that they slept in a room with students of the same gender on school-sponsored overnight trips. Present—Kehoe, J.P., Martoche, Smith, Pine and Hayes, JJ.