JANE DOE et al., Individually and as Parents and Natural Guardians of JOHN DOE, a Minor, Appellants, v FULTON SCHOOL DISTRICT, Respondent, et al., Defendants. [826 NYS2d 543]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered March 15, 2006 in a personal injury action. The order granted the motion of defendant Fulton School District for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint against defendant Fulton School District is reinstated.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by their son when he was sexually assaulted by teammates on his eighth-grade football team. The incident occurred in the locker room following a practice. Plaintiffs allege, inter alia, that the sexual assault was the result of the failure of defendant Fulton School District (District) to provide adequate supervision of the locker room.

Supreme Court erred in granting the motion of the District seeking summary judgment dismissing the complaint against it. "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Contrary to the contention of the District, its own submissions raise triable issues of fact whether it discharged its duty to provide adequate supervision and whether the breach of that duty was a proximate cause of the injuries to plaintiffs' son (*see Speight v City of New York*, 309 AD2d 501 [2003]). Teammates who witnessed and participated in the sexual assault testified at their depositions that there was virtually no supervision of the locker room over a 20 to 30 minute period and that the football

players were engaged in reckless and aggressive horseplay during that period. "Actual or constructive notice to the [District] of prior similar conduct is generally required [for the imposition of liability] because, obviously, school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily; an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*Mirand*, 84 NY2d at 49). The District may, however, be held liable for an injury that is the reasonably foreseeable consequence of circumstances it created by its inaction (*see Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944, 946-947 [1997]; *Murray v Research Found. of State Univ. of N.Y.*, 283 AD2d 995, 997 [2001], *lv denied* 96 NY2d 719 [2001]), and a jury could find that the injury to plaintiffs' son was a reasonably foreseeable consequence of the District's failure to provide adequate supervision in the locker room, even in the absence of notice of a prior sexual assault (*see Murray*, 283 AD2d at 997; *Garcia v City of New York*, 222 AD2d 192, 196 [1996], *lv denied* 89 NY2d 808 [1997]; *Merkley v Palmyra-Macedon Cent. School Dist.*, 130 AD2d 937, 938 [1987]). Present—Gorski, J.P., Centra, Green and Pine, JJ.