SHELLY A. McMINDES, Plaintiff, v WILBERT JONES, JR., Appellant, and BUFFETS, INC., Doing Business as OLD COUNTRY BUFFET, et al., Respondents, et al., Defendant. [839 NYS2d 365]—

Appeal from an order of the Supreme Court, Erie County (Erin M. Peradotto, J.), entered January 17, 2006 in a personal injury action. The order, insofar as appealed from, granted those parts of the motion of defendants Buffets, Inc., doing business as Old Country Buffet, and Old Country Buffet for summary judgment dismissing the cross claims of defendant Wilbert Jones, Jr.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the first cross claim and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained in an altercation with defendant Wilbert Jones, Jr. while waiting in line to enter the dining area at an Old Country Buffet Restaurant. Jones in turn asserted a cross claim against defendants Buffets, Inc., doing business as Old Country Buffet, and Old Country Buffet (collectively, OCB), alleging that he was injured by OCB's employees during that altercation. Supreme Court properly granted those parts of the motion of OCB for summary judgment dismissing the second and third cross claims of Jones, alleging that OCB was negligent in supervising its employees and that, through the actions of its employees, OCB intentionally and severely injured Jones. OCB may be held liable for the negligent supervision of its employees only if it knew or should have known of their alleged violent propensities for the type of behavior that caused the harm (see Zanghi v Laborers' Intl. Union of N. Am., AFL-CIO, 8 AD3d 1033, 1034 [2004], lv denied 4 NY3d 703 [2005]; Paul J.H. v Lum, 291 AD2d 894, 895 [2002]; Yeboah v Snapple, Inc., 286 AD2d 204, 205 [2001]). Here, OCB met its burden by establishing that none of the employees who allegedly attacked Jones had a history of violence and that they did not intentionally assault Jones, and Jones failed to raise a triable issue of fact in opposition.

We further conclude, however, that the court erred in granting that part of the motion of OCB for summary judgment dismissing the first cross claim, seeking damages under the theory of respondeat superior. We therefore modify the order accordingly. An employer may be held vicariously liable for the intentional or negligent acts of its employees if the employees

are acting within the scope of their employment (*see Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]; *Beauchamp v City of New York*, 3 AD3d 465, 466 [2004]), and the issue whether an act was within the scope of the employment ordinarily is one of fact for the jury (*see Riviello v Waldron*, 47 NY2d 297, 303 [1979]; *White v Alkoutayni*, 18 AD3d 540, 541 [2005]; *Beauchamp*, 3 AD3d at 466-467). In determining the scope of the employment, "the test has come to be whether the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions" (*Riviello*, 47 NY2d at 302 [internal quotation marks omitted]). "Here, [OCB] failed to meet its burden of establishing as a matter of law that the allegedly tortious conduct of its employee[s] was not generally foreseeable and a natural incident of the employment" (*Baes v County of Niagara*, 19 AD3d 1091, 1092 [2005]). Present—Scudder, P.J., Gorski, Martoche, Smith and Green, JJ.