# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**427**
**CA 14-01647**
PRESENT: SMITH, J.P., LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

STEVEN P. GRAHAM AND AMY P. GRAHAM,
PLAINTIFFS-APPELLANTS,

V                                            MEMORANDUM AND ORDER

JEREMY D. GEROW AND RTE 36 HOLDINGS, LLC,
DEFENDANTS-RESPONDENTS.

---

VALERIO & KUFTA, P.C., ROCHESTER (MARK J. VALERIO OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

ERNEST D. SANTORO, P.C., ROCHESTER (ERNEST D. SANTORO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered July 29, 2014. The order denied the motion of plaintiffs for partial summary judgment on the issue of liability.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Plaintiffs commenced this action seeking damages allegedly sustained by Steven P. Graham (plaintiff) when a farm tractor with an attached field plow operated by defendant Jeremy D. Gerow and owned by defendant Rte 36 Holdings, LLC crossed the center line of the highway and collided with the vehicle driven by plaintiff. We agree with plaintiffs that Supreme Court erred in denying their motion seeking partial summary judgment on the issue of liability. Plaintiffs met their initial burden by establishing that defendants' field plow "crossed the center line of the highway and struck [plaintiff's] vehicle" (*Boorman v Bowhers*, 27 AD3d 1058, 1059). In opposition, defendants failed to meet their burden of providing a " 'non[]negligent explanation, in evidentiary form, for the collision' " (*Matte v Hall*, 20 AD3d 898, 900).

Defendants do not oppose plaintiffs' remaining contention that the serious injury threshold does not apply here because defendants' farm tractor and field plow are not "motor vehicles" under the Insurance Law and defendants therefore do not qualify as "covered persons" under Insurance Law § 5102 (j). In any event, plaintiffs are correct that, because there is no dispute that defendants' farm tractor and the attached field plow were being used exclusively for agricultural purposes, the serious injury threshold requirement is not

applicable (*see* §§ 5102 [j]; 5104 [a]; Vehicle and Traffic Law § 311 [2]; *Masotto v City of New York*, 38 Misc 3d 1226[A], n 5, 2013 NY Slip Op 50285[U], *4 n 5 [Sup Ct, Kings County]; *see generally Caruana v Oswego County Bd. of Coop. Educ. Servs.*, 26 AD3d 857, 858).

Entered:  March 27, 2015                              Frances E. Cafarell
                                                      Clerk of the Court