Vega v Crane (2018 NY Slip Op 03260)





Vega v Crane


2018 NY Slip Op 03260


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND TROUTMAN, JJ.


446 CA 17-01962

[*1]CARMEN VEGA, PLAINTIFF-RESPONDENT,
v
SHERRY M. CRANE, ADMINISTRATOR OF THE ESTATE OF COLLIN WARD CRANE, DECEASED, JEFFREY CRANE, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. (APPEAL NO. 1.) 






CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL J. CHMIEL OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
FARACI LANGE, LLP, ROCHESTER (CAROL A. MCKENNA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Genesee County (Emilio L. Colaiacovo, J.), entered February 10, 2017. The order, insofar as appealed from, granted that part of the cross motion of plaintiff for partial summary judgment on negligence against defendants Sherry M. Crane, as administrator of the estate of Collin Ward Crane, deceased, and Jeffrey Crane. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action alleging that she sustained a serious injury as defined by Insurance Law § 5102 (d) in a motor vehicle accident as a result of the negligence of decedent, Collin Ward Crane. Contrary to the contention of Sherry M. Crane, as administrator of decedent's estate, and Jeffrey Crane (defendants), Supreme Court properly granted that part of plaintiff's cross motion seeking partial summary judgment on negligence against them. The accident reconstruction report, which was submitted by plaintiff in support of the cross motion, established that decedent's vehicle
" crossed the center line of the highway and struck [plaintiff's] vehicle,' " and, in opposition, defendants failed to provide evidence of a nonnegligent explanation for the collision (Graham v Gerow, 126 AD3d 1549, 1549 [4th Dept 2015]; see Levi v Benyaminova, 128 AD3d 779, 780 [2d Dept 2015]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court