Blanchard v Moravia Cent. Sch. Dist. (2024 NY Slip Op 03616)

Blanchard v Moravia Cent. Sch. Dist.

2024 NY Slip Op 03616

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

320 CA 23-01047

[*1]KEITH BLANCHARD, PLAINTIFF-RESPONDENT,
v
MORAVIA CENTRAL SCHOOL DISTRICT AND MORAVIA CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, DEFENDANTS-APPELLANTS.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (CHRISTOPHER M. MILITELLO OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
WEITZ & LUXENBERG, P.C., NEW YORK CITY (JASON P. WEINSTEIN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Cayuga County (Charles A. Schiano, Jr., J.), entered June 2, 2023. The order, insofar as appealed from, denied the motion of defendants for summary judgment dismissing the second and fourth through sixth causes of action of the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking summary judgment dismissing the fourth cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) alleging that he was sexually abused by a principal while a student in defendant Moravia Central School District (District) in the early 1980s. Plaintiff alleges that the first incident of abuse occurred in 1981 when he was called out of his classroom over the public announcement system, led into the principal's office by a secretary, and then left alone with the principal behind a closed, windowless door for approximately 45 minutes, during which time the principal inappropriately touched plaintiff. Plaintiff further alleges that the principal continued to call him into his private office in the same manner at least 50 times over the next two years, without providing an explanation to plaintiff's teachers and despite the fact that plaintiff was not misbehaving in class, and sexually abused him there. The abuse ended when plaintiff transferred to another school district.
Defendants moved for summary judgment dismissing the amended complaint. Supreme Court denied the motion with respect to the second, fourth, fifth, and sixth causes of action and granted the motion with respect to the remaining causes of action. Defendants appeal from the order insofar as it denied their motion.
With respect to the second cause of action, for negligent supervision of plaintiff, it is well established that "[a] school district has the duty to exercise the same degree of care and supervision over [students] under its control as a reasonably prudent parent would exercise under the same circumstances" (Lisa P. v Attica Cent. School Dist., 27 AD3d 1080, 1081 [4th Dept 2006]). "The standard for determining whether this duty was breached is whether a parent of ordinary prudence placed in an identical situation and armed with the same information would invariably have provided greater supervision" (id. [internal quotation marks omitted]). Prior knowledge of an individual's propensity to engage in criminal conduct is not required to establish a claim for the negligent supervision of a student inasmuch as there are situations in which such conduct "may . . . be a reasonably foreseeable consequence of circumstances created by the defendant" (Murray v Research Found. of State Univ. of N.Y., 283 AD2d 995, 997 [4th [*2]Dept 2001], lv denied 96 NY2d 719 [2001], quoting Bell v Board of Educ. of City of N.Y., 90 NY2d 944, 946 [1997]). In other words, even without actual or constructive notice of an individual's criminal propensity, a school district may "be held liable for an injury that is the reasonably foreseeable consequence of circumstances it created by its inaction" (Doe v Fulton School Dist., 35 AD3d 1194, 1195 [4th Dept 2006]).
Thus, although defendants met their initial burden for summary judgment by submitting evidence that their employees had no notice of the principal's propensity for sexual abuse of children (see Lisa P., 27 AD3d at 1081), we conclude that plaintiff raised a triable issue of fact whether the principal's sexual abuse of plaintiff was a reasonably foreseeable consequence of the District's and its employees' failure to prevent an employee from repeatedly meeting alone with a student behind closed doors for no articulated reason (see generally Doe v Whitney, 8 AD3d 610, 611-612 [2d Dept 2004]; Murray, 283 AD2d at 997).
With respect to the fourth cause of action, for negligent hiring, "[t]here is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee" (Doe, 8 AD3d at 612 [internal quotation marks omitted]). Here, defendants met their initial burden by submitting, inter alia, the principal's teaching license, letters of recommendation, and employment application from when the principal was first hired at the district, which did not provide notice of any propensity to sexually abuse children (see Dolgas v Wales, 215 AD3d 51, 55 [3d Dept 2023], lv denied 41 NY3d 904 [2024]; cf. S.C. v New York City Dept. of Educ., 97 AD3d 518, 520 [2d Dept 2012]). We agree with defendants that plaintiff failed to raise a triable issue of fact in opposition inasmuch as plaintiff does not identify any facts that would have lead a reasonably prudent person to investigate the principal further prior to hiring him (see Nellenback v Madison County, 223 AD3d 1025, 1026-1028 [3d Dept 2024]), and plaintiff's "[m]ere speculation" as to the inadequacy of defendants' hiring process "is not sufficient to raise an issue of fact" (Newman v Regent Contr. Corp., 31 AD3d 1133, 1135 [4th Dept 2006] [internal quotation marks omitted]). Thus, we modify the order by granting that part of defendants' motion seeking summary judgment dismissing the cause of action for negligent hiring.
With respect to the fifth cause of action, for negligent supervision and training, and the sixth, for negligent retention, we note that to establish such causes of action a plaintiff must show "that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shapiro v Syracuse Univ., 208 AD3d 958, 959 [4th Dept 2022] [internal quotation marks omitted]; see McMindes v Jones, 41 AD3d 1196, 1196 [4th Dept 2007]). While defendants met their initial burden for summary judgment by submitting, inter alia, evidence that they did not have actual knowledge of the principal's propensity to sexually abuse children, plaintiff raised a triable issue of fact in opposition with respect to whether the District should have known about the principal's propensity to improperly meet alone with a student. Specifically, evidence that the principal was repeatedly meeting alone with plaintiff behind closed doors for no articulated reason, and that this practice occurred during school hours and with the awareness of school employees, raised a triable issue of fact whether the District "had notice of the potential for harm to [plaintiff] such that its alleged negligence in supervising and retaining [the principal] 'placed [him] in a position to cause foreseeable harm' " (Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 636 [2d Dept 2018]; see generally Miller v Miller, 189 AD3d 2089, 2090-2091 [4th Dept 2020]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court