Durkee v Sanchez-Rodriguez (2024 NY Slip Op 04002)

Durkee v Sanchez-Rodriguez

2024 NY Slip Op 04002

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, KEANE, AND HANNAH, JJ.

493 CA 24-00081

[*1]CHARLES L. DURKEE, SR., PLAINTIFF-APPELLANT-RESPONDENT,
v
MARTIN SANCHEZ-RODRIGUEZ, ERIC O. ZUBER, ZUBER FARMS AND ZUBER FARMS, LLC, DEFENDANTS-RESPONDENTS-APPELLANTS. 

WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
SCHNITTER CICCARELLI MILLS PLLC, WILLIAMSVILLE (TARA E. WATERMAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 

 Appeal and cross-appeal from an order of the Supreme Court, Genesee County (Diane Y. Devlin, J.), entered January 8, 2024. The order denied the motion of plaintiff and the cross-motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of plaintiff's motion seeking summary judgment with respect to the issues of defendants' negligence and the vicarious liability of defendants Eric O. Zuber, Zuber Farms and Zuber Farms, LLC, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that he sustained when the vehicle he was driving collided with the rear end of a manure spreader being towed by a tractor operated by defendant Martin Sanchez-Rodriguez. The manure spreader and tractor were owned by defendants Zuber Farms and Zuber Farms, LLC, which were owned, in part, by defendant Eric O. Zuber (collectively, Zuber defendants). The accident occurred at night, when plaintiff crested a hill and came upon the tractor and manure spreader, which had no operational tail lights or reflectors. Plaintiff moved for summary judgment on the issues of negligence and liability, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied the motion and cross-motion, and now plaintiff appeals and defendants cross-appeal.
We agree with plaintiff on his appeal that the court erred in denying that part of his motion seeking summary judgment on the issue of defendants' negligence, and we therefore modify the order accordingly. "[A] defendant's unexcused violation of the Vehicle and Traffic Law constitutes negligence per se" (Koziol v Wright, 26 AD3d 793, 794 [4th Dept 2006] [internal quotation marks omitted]) and here, plaintiff met his initial burden on the motion by submitting evidence that the manure spreader was being operated on a public roadway, more than one-half hour after sunset, without "at least two lighted lamps on the rear, one on each side" in violation of Vehicle and Traffic Law § 375 (2) (a) (3), and without "signaling devices and reflectors" in violation of section 376 (a), which constitutes negligence per se (see generally Lowes v Anas, 195 AD3d 1579, 1581 [4th Dept 2021]).
In opposition to plaintiff's motion, defendants failed to raise a question of fact on the issue of their negligence (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Although defendants submitted the affidavit of an expert, who opined that the accident was caused by plaintiff's inattention, "[t]he fact that [plaintiff] may have also been negligent does not absolve [defendants] of liability inasmuch as an accident may have more than one proximate cause" (Zbock v Gietz, 145 AD3d 1521, 1522-1523 [4th Dept 2016]).
We also agree with plaintiff on his appeal that the court erred in denying that part of his motion seeking summary judgment on the issue of the vicarious liability of the Zuber defendants on the ground that Sanchez-Rodriguez was working within the scope of his employment at the time of the accident. We therefore further modify the order accordingly. "The general rule is that an employee acts within the scope of his [or her] employment when [the employee] is acting in furtherance of the duties owed to the employer and where the employer is or could be exercising some degree of control, directly or indirectly, over the employee's activities" (Swartzlander v Forms-Rite Bus. Forms & Print. Serv., 174 AD2d 971, 972 [4th Dept 1991], affd 78 NY2d 1060 [1991]; see Carlson v Porter [appeal No. 2], 53 AD3d 1129, 1131 [4th Dept 2008]). Here, plaintiff established that Sanchez-Rodriguez was "acting within the scope of his employment" at the time of the accident (McMindes v Jones, 41 AD3d 1196, 1197 [4th Dept 2007]), and defendants failed to raise an issue of fact (see generally Zuckerman, 49 NY2d at 562).
Finally, contrary to the contentions of plaintiff on his appeal and defendants on their cross-appeal, the court properly denied both the motion and cross-motion on the issue whether plaintiff is required to establish a serious injury as defined in Insurance Law § 5102 (d) in order to recover for non-economic losses. "[I]n any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury" (§ 5104 [a]). The definition of a "motor vehicle" in the statute does not encompass a "tractor and . . . attached [equipment] . . . being used exclusively for agricultural purposes, [and therefore] the serious injury threshold requirement is not applicable" when a tractor and attached equipment are used exclusively for those purposes (Graham v Gerow, 126 AD3d 1549, 1549 [4th Dept 2015]; see §§ 5102 [d], [j]; 5104 [a]; see also Vehicle and Traffic Law § 311 [2]). Here, there is a question of fact whether the manure spreader and tractor were being used exclusively for agricultural purposes (see generally Graham, 126 AD3d at 1549).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court