AB 511 Doe v Lyndonville Cent. Sch. Dist. (2024 NY Slip Op 03979)

AB 511 Doe v Lyndonville Cent. Sch. Dist.

2024 NY Slip Op 03979

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DELCONTE, KEANE, AND HANNAH, JJ.

460 CA 23-02044

[*1]AB 511 DOE, PLAINTIFF-RESPONDENT,
v
LYNDONVILLE CENTRAL SCHOOL DISTRICT, DEFENDANT-APPELLANT, AND LYNDONVILLE ELEMENTARY SCHOOL, DEFENDANT. 

WEBSTER SZANYI LLP, BUFFALO (RYAN G. SMITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
STEVE BOYD, P.C., BUFFALO (LEAH COSTANZO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Orleans County (Deborah A. Chimes, J.), entered December 1, 2023. The order, among other things, denied in part defendants' motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action under the Child Victims Act (see CPLR 214-g) alleging that he was sexually abused by his fifth grade teacher while he was a student in defendant Lyndonville Central School District (District) in the mid-1980s. Some of the incidents allegedly occurred on repeated occasions in the teacher's classroom and at school during the day. Defendants moved for summary judgment dismissing the amended complaint and, as relevant here, Supreme Court denied the motion with respect to the District insofar as it sought summary judgment dismissing the cause of action for negligent failure to supervise plaintiff, the claim for negligent supervision of the teacher, and the cause of action for negligent retention of the teacher. The District appeals, and we affirm.
With respect to the first cause of action, for negligent supervision of plaintiff, it is well established that "[a] school district has the duty to exercise the same degree of care and supervision over [students] under its control as a reasonably prudent parent would exercise under the same circumstances" (Lisa P. v Attica Cent. School Dist., 27 AD3d 1080, 1081 [4th Dept 2006]). "The standard for determining whether this duty was breached is whether a parent of ordinary prudence placed in an identical situation and armed with the same information would invariably have provided greater supervision" (id. [internal quotation marks omitted]). Prior knowledge of an individual's propensity to engage in criminal conduct is not required to establish a cause of action for the negligent supervision of a student inasmuch as there are situations in which such conduct " 'may . . . be a "reasonably foreseeable" consequence of circumstances created by the defendant' " (Murray v Research Found. of State Univ. of N.Y., 283 AD2d 995, 997 [4th Dept 2001], lv denied 96 NY2d 719 [2001], quoting Bell v Board of Educ. of City of N.Y., 90 NY2d 944, 946 [1997]). In other words, even without actual or constructive notice of an individual's criminal propensity, a school district may "be held liable for an injury that is the reasonably foreseeable consequence of circumstances it created by its inaction" (Doe v Fulton School Dist., 35 AD3d 1194, 1195 [4th Dept 2006]).
Thus, even assuming arguendo, that defendants met their initial burden on the motion by submitting evidence that their employees had no notice of the subject teacher's propensity for sexual abuse of children (see Lisa P., 27 AD3d at 1081), we conclude that plaintiff raised a triable issue of fact whether the teacher's sexual abuse of plaintiff was a reasonably foreseeable [*2]consequence of the failure of the District and its employees to prevent an employee from routinely inappropriately touching other male students in the hallway and from creating situations where the teacher was alone with plaintiff by having plaintiff arrive early to school, keeping him after school, holding him back from going to other classes, or taking him out of other classes for no articulated reason (see generally Doe v Whitney, 8 AD3d 610, 611-612 [2d Dept 2004]; Murray, 283 AD2d at 997).
With respect to the claim in the third cause of action, for negligent supervision of the teacher, and the fourth cause of action, for negligent retention of the teacher, we note that to establish such causes of action a plaintiff must show "that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shapiro v Syracuse Univ., 208 AD3d 958, 960 [4th Dept 2022] [internal quotation marks omitted]; see McMindes v Jones, 41 AD3d 1196, 1196 [4th Dept 2007]). Even assuming, arguendo, that defendants met their initial burden on the motion by submitting, inter alia, evidence that they did not have knowledge of the teacher's propensity to sexually abuse children, plaintiff raised a triable issue of fact in opposition whether the District should have known about the teacher's propensity to improperly meet alone with a student. Specifically, plaintiff submitted evidence that the subject teacher was alone with plaintiff in his classroom when another teacher walked in and observed the subject teacher sexually abusing plaintiff but failed to report it and that the subject teacher for no articulated reason repeatedly had plaintiff arrive early to school, kept him after school, held him back from going to other classes, and took him out of other classes with the awareness of school employees. Plaintiff's submissions raised a triable issue of fact whether the District "had notice of the potential for harm to . . . plaintiff such that its alleged negligence in supervising and retaining [the subject teacher] 'placed [him] in a position to cause foreseeable harm' " (Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 636 [2d
Dept 2018]; see generally Miller v Miller, 189 AD3d 2089, 2090-2091 [4th Dept 2020]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court