R.L. v Holland Cent. Sch. Dist. (2025 NY Slip Op 07178)

R.L. v Holland Cent. Sch. Dist.

2025 NY Slip Op 07178

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND DELCONTE, JJ.

907 CA 24-00821

[*1]R.L., PLAINTIFF-APPELLANT,
v
HOLLAND CENTRAL SCHOOL DISTRICT, DEFENDANT-RESPONDENT.

HERMAN LAW, NEW YORK CITY (JEFFREY M. HERMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
PERSONIUS MELBER LLP, BUFFALO (BRIAN M. MELBER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered October 5, 2023. The order, insofar as appealed from, granted that part of defendant's motion seeking summary judgment dismissing the complaint insofar as it asserts claims against defendant for negligent supervision of plaintiff while acting in loco parentis and for negligent supervision and retention of the teacher. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, and the complaint is reinstated insofar as it asserts claims against defendant for negligent supervision of plaintiff while acting in loco parentis and for negligent supervision and retention of the teacher.
Memorandum: Plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g), alleging that he was sexually abused by a middle school math teacher while he was a student in defendant, Holland Central School District, in the late 1970s and early 1980s. Plaintiff alleged that, on at least three separate occasions, the teacher had him stay after school, walked with him to the boys' locker room, and then sexually abused him. Plaintiff appeals, as limited by his brief, from an order to the extent that it granted that part of defendant's motion seeking summary judgment dismissing the remaining claims in the complaint that had not been previously dismissed, for negligent supervision of plaintiff while acting in loco parentis and negligent supervision and retention of the teacher. We now reverse the order insofar as appealed from.
We agree with plaintiff that Supreme Court erred in granting that part of defendant's motion seeking summary judgment dismissing the complaint insofar as it asserts a claim against defendant for negligent supervision of plaintiff while acting in loco parentis. With respect to that claim, "[a] school district has the duty to exercise the same degree of care and supervision over [students] under its control as a reasonably prudent parent would exercise under the same circumstances" (Lisa P. v Attica Cent. School Dist., 27 AD3d 1080, 1081 [4th Dept 2006]). "The standard for determining whether this duty was breached is whether a parent of ordinary prudence placed in an identical situation and armed with the same information would invariably have provided greater supervision" (id. [internal quotation marks omitted]). Prior knowledge of an individual's propensity to engage in criminal conduct is not required to establish a cause of action for the negligent supervision of a student inasmuch as there are situations in which such conduct " 'may . . . be a "reasonably foreseeable" consequence of circumstances created by the defendant' " (Murray v Research Found. of State Univ. of N.Y., 283 AD2d 995, 997 [4th Dept 2001], lv denied 96 NY2d 719 [2001], quoting Bell v Board of Educ. of City of N.Y., 90 NY2d 944, 946 [1997]; see Blanchard v Moravia Cent. Sch. Dist., 229 AD3d 1098, 1099-1100 [4th Dept 2024]; AB 511 Doe v Lyndonville Cent. Sch. Dist., 229 AD3d 1268, 1269 [4th Dept 2024]). In other words, even without actual or constructive notice of an individual's criminal propensity, [*2]a school district may "be held liable for an injury that is the reasonably foreseeable consequence of circumstances it created by its inaction" (Doe v Fulton School Dist., 35 AD3d 1194, 1195 [4th Dept 2006]; see Blanchard, 229 AD3d at 1100; AB 511 Doe, 229 AD3d at 1269).
Here, viewing the facts in the light most favorable to plaintiff as the nonmovant and drawing every available inference in his favor (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]; Doe v Houk, 224 AD3d 1250, 1254 [4th Dept 2024] [hereinafter Houk]), we conclude that defendant's own submissions raise a triable issue of fact whether the teacher's sexual abuse of plaintiff was a reasonably foreseeable consequence of the failure of defendant and its employees to prevent the teacher from routinely touching other male students inappropriately while spending time alone with them on school grounds before or contemporaneous with plaintiff's dates of abuse and to prevent the teacher from creating situations in which he was alone with plaintiff by having plaintiff stay after school and taking him into the boys' locker room for no legitimate reason (see Blanchard, 229 AD3d at 1100; AB 511 Doe, 229 AD3d at 1269-1270). Indeed, defendant's own submissions raise a triable issue of fact whether the teacher's conduct was so open and prevalent that a reasonable person would have been on notice to protect against the injury-causing conduct (see Visiko v Fleming, 229 AD3d 1355, 1357 [4th Dept 2024]; see generally Mirand v City of New York, 84 NY2d 44, 49-50 [1994]).
We further agree with plaintiff that the court erred in granting that part of defendant's motion seeking summary judgment dismissing the complaint insofar as it asserts a claim against defendant for negligent supervision and retention of the teacher. To establish a claim of negligent supervision and retention of an employee, a plaintiff must show "that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shapiro v Syracuse Univ., 208 AD3d 958, 960 [4th Dept 2022] [internal quotation marks omitted]; see AB 511 Doe, 229 AD3d at 1270). That is because "[t]he employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the [supervision] and retention of the employee" (Shapiro, 208 AD3d at 960 [internal quotation marks omitted]; see Harper v Buffalo City Sch. Dist., 242 AD3d 1600, 1602 [4th Dept 2025]). With respect to the theory of constructive knowledge at issue here, "[a]n employer 'should know' of an employee's dangerous propensity if it has reason to know of the facts or events evidencing that propensity, and may be liable if it nonetheless 'place[s] the employee in a position to cause foreseeable harm' " (Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 158 [2023]; see Nellenback v Madison County, — NY3d &mdash, &mdash, 2025 NY Slip Op 02263, *1 [2025]). When a person acquires knowledge within the scope of their employment, that "knowledge is imputed to [the employer] and the latter is bound by such knowledge [even if] the information is never actually communicated to [the employer]" (BL Doe 5 v Fleming, 229 AD3d 1076, 1080 [4th Dept 2024] [internal quotation marks omitted]; see Harper, 242 AD3d at 1601).
Viewing the evidence in the appropriate light (see De Lourdes Torres, 26 NY3d at 763; Houk, 224 AD3d at 1254), we conclude that defendant's own submissions raise a triable issue of fact whether defendant should have known about the teacher's propensity to engage in sexual abuse of male students while spending time alone with them on school grounds and elsewhere (see AB 511 Doe, 229 AD3d at 1270). Notably, defendant submitted an excerpt of the deposition of another male student who testified about an incident in which a gym teacher walked into the boys' locker room to find the teacher and the other male student alone in the shower area just after the teacher had sexually abused the other male student; that incident predated or was contemporaneous with plaintiff's alleged dates of abuse (see id.). Defendant's submissions also included evidence that the teacher was repeatedly having plaintiff stay after school and taking him into the boys' locker room for no legitimate reason and that other school employees were aware that the teacher, among other things, frequently drove male students off campus during school hours and babysat at least one male student overnight (see Blanchard, 229 AD3d at 1101; AB 511 Doe, 229 AD3d at 1270). Defendant's submissions thus "raised a triable issue of fact whether [defendant] had notice of the potential for harm to . . . plaintiff such that its alleged negligence in supervising and retaining [the subject teacher] placed [him] in a position to cause foreseeable harm" (AB 511 Doe, 229 AD3d at 1270 [internal quotation marks omitted]; see Blanchard, 229 AD3d at 1101).
Inasmuch as defendant failed to meet its initial burden on the motion, we do not consider the sufficiency of plaintiff's submissions
in opposition to the motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; BL Doe 5, 229 AD3d at 1082).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court